Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
David R. Shein, Esq. (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KAPLAN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL DATA GROUP, INC., a Massachusetts Corporation; IDG ENTERPRISES, INC., a Delaware corporation; IDG COMMUNICATIONS, INC., a Massachusetts corporation; CXO MEDIA, INC., a Massachusetts corporation; ITWORLD.COM, INC., a Massachusetts corporation; MACWORLD COMMUNICATIONS, INC., a Massachusetts corporation; INFOWORLD MEDIA GROUP, INC., a Massachusetts corporation; NETWORK WORLD, INC., a Massachusetts corporation; COMPUTER WORLD, INC., a Massachusetts corporation; IDG COMMUNICATIONS MEDIA AG; a Germany corporation; IDG BUSINESS | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>3. DMCA VIOLATIONS<br><br><u>Jury Trial Demanded</u> |

1
COMPLAINT

| | |
|---|---|
| 1 | MEDIA GMBH, a Germany limited liability company; SAYA COMUNICACIONES S.A.C., a Peru corporation; EXECUTIVE NETWORKS MEDIA SDN BHD, a Malaysia corporation; IDG MAGAZINES NORGE AS, a Norway limited liability company; IDG MEDIA PRIVATE LTD., an India private limited company; IDG COMMUNICATIONS PTY LTD, an Australia proprietary company; IDG COMMUNICATIONS UK LTD, a United Kingdom limited company; IDG KOREA LTD., a Korea limited company; and DOES 1-10,<br><br>Defendants. |

Ronald Kaplan, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Ronald Kaplan is an individual and a resident of the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant International Data Group, Inc. ("IDG") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at One Exeter Plaza, 15th Floor, Boston, MA 02116, and is doing business in and with the state of California, including maintaining California-based executives and a California headquarters located at 501 Second Street, San Francisco, CA 94107.

6. Plaintiff is informed and believes and thereon alleges that Defendant IDG Enterprises, Inc. ("IDG ENTERPRISES") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 492 Old Connecticut Path, Framingham, MA 01701, and is doing business in and with the state of California, including maintaining California-based executives and a California headquarters located at 501 Second Street, San Francisco, CA 94107.

7. Plaintiff is informed and believes and thereon alleges that Defendant IDG Communications, Inc. ("IDG COMMUNICATIONS") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 492 Old Connecticut Path, Framingham, MA 01701, and is doing business in and with the state of California, including maintaining California-based executives and a California headquarters located at 501 Second Street, San Francisco, CA 94107.

8. Plaintiff is informed and believes and thereon alleges that Defendant CXO Media, Inc. ("CXO") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 492 Old Connecticut Path, Framingham, MA 01701, and is doing business in and with the state of California, including maintaining California-based executives and a California headquarters located at 501 Second Street, San Francisco, CA 94107.

9. Plaintiff is informed and believes and thereon alleges that Defendant Itworld.com, Inc. ("ITWORLD") is a corporation organized and existing under the

laws of the State of Massachusetts with its principal place of business at 492 Old Connecticut Path, Framingham, MA 01701, and is doing business in and with the state of California, including maintaining California-based executives and a California headquarters located at 501 Second Street, San Francisco, CA 94107.

10. Plaintiff is informed and believes and thereon alleges that Defendant Macworld Communications, Inc. ("MACWORLD") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 501 Second Street San Francisco, CA 94107, and doing business in and with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant InfoWorld Media Group, Inc. ("INFOWORLD") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 501 Second Street, San Francisco, CA 94107, and is doing business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant Network World, Inc. ("NETWORK WORLD") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 492 Old Connecticut Path, Framingham, MA 01701, and is doing business in and with the state of California, including maintaining California-based executives and a California headquarters located at 501 Second Street, San Francisco, CA 94107.

13. Plaintiff is informed and believes and thereon alleges that Defendant Computer World, Inc. ("COMPUTER WORLD") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 492 Old Connecticut Path, Framingham, MA 01701, and is doing business in and with the state of California, including maintaining California-based

executives and a California headquarters located at 501 Second Street, San Francisco, CA 94107.

14.     Plaintiff is informed and believes and thereon alleges that Defendant IDG Communications Media AG ("IDG COMMUNICATIONS GERMANY") is a corporation organized and existing under the laws of Germany with its principal place of business at Lyonel-Feininger-Straße 26, 80807 München, Germany, and is doing business in and with the state of California.

15.     Plaintiff is informed and believes and thereon alleges that Defendant IDG BUSINESS MEDIA GMBH ("IDG GERMANY") is a limited liability company organized and existing under the laws of Germany with its principal place of business at Lyonel-Feininger-Straße 26, 80807 München, Germany, and is doing business in and with the state of California.

16.     Plaintiff is informed and believes and thereon alleges that Defendant Saya Comunicaciones S.A.C ("SAYA") is a corporation organized and existing under the laws of Peru with its principal place of business at Vice Almirante Carbajal No 151 Km. Mz. Lima, Lima, 18 Peru, and is doing business in and with the state of California, including operating under license from IDG and in partnership with IDG COMMUNICATIONS.

17.     Plaintiff is informed and believes and thereon alleges that Defendant Executive Networks Media Sdn Bhd ("EXECUTIVE NETWORKS") is a corporation organized and existing under the laws of Malaysia with its principal place of business at Unit 612, Block A, Kelana Business Centre Petaling Jaya 47301 Malaysia, and is doing business in and with the state of California.

18.     Plaintiff is informed and believes and thereon alleges that Defendant IDG Magazines Norge AS ("IDG MAG") is a limited liability company organized and existing under the laws of Norway with its principal place of business at

Tøyenbekken 21, 0188 Oslo, Norway, and is doing business in and with the state of California.

19. Plaintiff is informed and believes and thereon alleges that Defendant IDG Media Private Ltd. ("IDG MEDIA") is a private limited company organized and existing under the laws of India with its principal place of business at Geeta Building, 49, 3rd Cross, Karnataka 560027, Mission Rd, Bengaluru, Karnataka, India, and is doing business in and with the state of California.

20. Plaintiff is informed and believes and thereon alleges that Defendant IDG Communications Pty Ltd. ("IDG AUS") is a proprietary company organized and existing under the laws of Australia with its principal place of business at Level 10, 15 Blue Street North Sydney NSW 2060 Australia, and is doing business in and with the state of California.

21. Plaintiff is informed and believes and thereon alleges that Defendant IDG Communications UK Ltd. ("IDG UK") is a limited company organized and existing under the laws of the United Kingdom with its principal place of business at 101 Euston Rd, London NW1 2RA, United Kingdom, and is doing business in and with the state of California.

22. Plaintiff is informed and believes and thereon alleges that Defendant IDG Korea. Ltd. ("IDG KOREA") is a limited company organized and existing under the laws of Korea with its principal place of business at 23 Sejong University, Seoul, Jung-gu, Korea 4th floor, and is doing business in and with the state of California.

23. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to

amend this Complaint to show their true names and capacities when same have been ascertained.

24. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

25. Plaintiff is informed and believes and thereon alleges that IDG ENTERPRISES, IDG COMMUNICATIONS, CXO, ITWORLD, MACWORLD, INFOWORLD, NETWORK WORLD, and COMPUTER WORLD are wholly owned subsidiaries of IDG, are global digital media brands operated by IDG, and share resources, employees, executives, and offices of IDG, including IDG operations based in California.

26. Plaintiff is informed and believes and thereon alleges that IDG COMMUNICATIONS GERMANY, IDG GERMANY, EXECUTIVE NETWORKS, IDG MAG, IDG MEDIA, IDG AUS, IDG UK, and IDG KOREA are wholly owned international subsidiaries of IDG, are global digital media brands operated by IDG, and share resources, employees, executives, and offices of IDG, including IDG operations based in California.

### Facts Related To All Claims

27. Plaintiff Ronald Kaplan is a consultant and expert witness in the area of systems, networks, security and data management, and management consulting. Over the past 20 years he has written numerous articles which have appeared in

publications including Forbes ASAP, LAN Times, The CPA Journal, and PC Week. Plaintiff has also been a frequent speaker at professional conferences on subjects related to the use of personal computers and local area networks in professional environments, and has also written and taught several courses on, inter alia, information management.

28. In 2014 Ronald Kaplan wrote the original article: 6 tips for smartphone privacy and security (hereinafter "Article A"). In that same year, Ronald Kaplan and co-author Dylan Kaplan wrote the original articles: Router malware: Fact or fiction? (hereinafter "Article B"), Alternate keyboard apps: Too risky for your smartphone? (hereinafter "Article C"), USB is now UEC (use with extreme caution) (hereinafter "Article D"), and Smartphone encryption – What does it mean to you? (hereinafter "Article E"). Articles A-E will hereinafter be referred to collectively as the "Subject Articles."

29. Article A is, and at all relevant times was, owned in exclusivity by Ronald Kaplan.

30. The Articles B-E are, and at all relevant times were, co-owned in exclusivity by Ronald Kaplan and Dylan Kaplan.

31. During 2014 Mr. Kaplan submitted each of the Subject Articles to CSO Online and, as set forth more specifically below, CSO Online published each of the Subject Articles.

32. Plaintiffs are informed and believe and thereon allege that CXO Media, Inc., owns and operates CSO Online and that CXO Media, Inc., is a wholly owned subsidiary of Defendant IDG.

### Claims related to Article A

33. CSO Online published Article A on or about February 11, 2014 and the article can be found at: http://www.csoonline.com/article/2134333/social-networking-security/6-tips-for-smartphone-privacy-and-security.html.

8
COMPLAINT

34. After the February 11, 2014 publication of Article A, without Plaintiffs' authorization, Defendants IDG, IDG COMMUNICATIONS, SAYA, IDG MEDIA, IDG MAG, COMPUTER WORLD, IDG AUS, CXO, ITWORLD, IDG KOREA, NETWORK WORLD, and IDG UK published an article that was a substantial reproduction of Article A. A true and accurate list of the URL address for each of the unauthorized reproductions of Article A is attached hereto as Exhibit A and incorporated herein by reference.

### Claims related to Article B

35. CSO Online published Article B on or about August 28, 2014 and the article can be found at: http://www.csoonline.com/article/2599652/data-protection/data-protection-router-malware-fact-or-fiction.html.

36. After the August 28, 2014 publication of Article B, without Plaintiffs' authorization, Defendants IDG, IDG GERMANY, IDG COMMUNICATIONS GERMANY, EXECUTIVE NETWORKS, COMPUTER WORLD, INFOWORLD, IDG COMMUNICATIONS, IDG ENTERPRISES, NETWORK WORLD, IDG UK, and IDG AUS published an article that was a substantial reproduction of Article B. A true and accurate list of the URL address for each of the unauthorized reproductions of Article B is attached hereto as Exhibit B and incorporated herein by reference.

### Claims related to Article C

37. CSO Online published Article C on or about October 3, 2014 and the article can be found at: http://www.csoonline.com/article/2690876/mobile-security/how-secure-is-your-smartphone.html.

38. After the October 3, 2014 publication of Article C, without Plaintiffs' authorization, Defendants IDG, IDG GERMANY, IDG COMMUNICATIONS GERMANY, EXECUTIVE NETWORKS, COMPUTER WORLD, IDG COMMUNICATIONS, and IDG AUS published an article that was a substantial reproduction of Article C. A true and accurate list of the URL address for each of the

unauthorized reproductions of Article C is attached hereto as Exhibit C and incorporated herein by reference.

### Claims related to Article D

39. CSO Online published Article D on or about October 21, 2014 and the article can be found at: http://www.csoonline.com/article/2836299/data-protection/usb-is-now-uec-use-with-extreme-caution.html.

40. After the October 21, 2014 publication of Article D, without Plaintiffs' authorization, Defendants IDG, IDG COMMUNICATIONS, EXECUTIVE NETWORKS, IDG GERMANY, IDG COMMUNICATIONS GERMANY, COMPUTER WORLD, IDG AUS, and NETWORK WORLD published an article that was a substantial reproduction of Article D. A true and accurate list of the URL address for each of the unauthorized reproductions of Article D is attached hereto as Exhibit D and incorporated herein by reference.

### Claims related to Article E

41. CSO Online published Article E on or about November 18, 2014 and the article can be found at: http://www.csoonline.com/article/2848622/privacy/smartphone-encryption-what-does-it-mean-to-you.html.

42. After the November 18, 2014 publication of Article E, without Plaintiffs' authorization, Defendants IDG, IDG COMMUNICATIONS, IDG AUS, ITWORLD, MACWORLD, IDG UK, and EXECUTIVE NETWORKS published an article that was a substantial reproduction of Article E. A true and accurate list of the URL address for each of the unauthorized reproductions of Article E is attached hereto as Exhibit E and incorporated herein by reference.

### Other Claims Related To The Articles

43. Article A is an original work of authorship created by Ronald Kaplan and Articles B-E are original works of authorship created by Ronald Kaplan and Dylan Kaplan.

44. Each of the Subject Articles has been either duly registered with the United States Copyright Office, or submitted to the Copyright Office for registration prior to the commencement of this Action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

45. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

46. Ronald Kaplan holds a valid copyright in each of the Subject Articles.

47. As described herein, Defendants, and each of them, exploited, published, posted, indexed, and distributed an unauthorized derivation of at least one of the Subject Articles in violation of Plaintiff's copyrights.

48. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Articles, including, without limitation, through access to CSO Online and access to illegally distributed copies of the Subject Articles by co-Defendants, third-party websites and/or DOE Defendants.

49. As a result of Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

50. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Articles. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the

1. Article in an amount to be established at trial, or in the alternative seek statutory damages.

51. Plaintiff is further informed and believes that the infringements of this sort happen frequently and that Defendants do not properly train, instruct, and guide their staff reporters, writers, publishing or editorial staff such that this infringement was committed with knowledge and reckless disregard of Plaintiff's rights by Defendants and their employees such that they constitute willful copyright infringement.

52. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

53. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

54. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

55. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

56. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal

publishing, indexing, distributing and exploitation of unauthorized derivations of the Subject Articles.

57. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

58. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

59. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Articles. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Articles, in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act

(17 U.S.C. §1202)- Against All Defendants)

60. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

61. Plaintiff is informed and believes that Defendants, and each of them, violated 17 U.S.C. §1202(a) and 17 U.S.C. §1202(b) by: (a) knowingly and with the intent to induce, enable, facilitate, or conceal infringement, providing copyright management information on the Article that was false, and distributing copyright management information that was false; and/or (b) intentionally removing and/or

altering the copyright management information on the Article, and distributing copyright management information for the Article with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying Plaintiff's copyrighted work knowing that copyright management information had been removed or altered without authority of the Plaintiff or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal their infringement.

62. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the Article, and provided copyright management information for the Article that was false.

63. Plaintiff is informed and believes and thereon alleges that Defendants knowingly attached a fraudulent copyright notice and attribution to the Article.

64. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties.

65. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    d. That Plaintiff be awarded pre-judgment interest as allowed by law;

    e. That Plaintiff be awarded the costs of this action; and

    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: January 6, 2015

DONIGER / BURROUGHS APC

By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
David R. Shein, Esq.
Attorneys for Plaintiff
Advanced Visual Image Design, LLC