FILED
CLERK, U.S. DISTRICT COURT
AUG 14 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KAPLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL DATA GROUP, INC., et al.<br><br>    Defendants. | No. 2:15-cv-00406-DSF-~~MAN~~(SSx)<br><br>**PROTECTIVE ORDER**<br><br>Judge:    The Hon. Margaret A. Nagle<br><br>Complaint Filed:   Jan. 20, 2015<br><br>Final Pretrial Conf.: Mar. 7, 2016<br><br>Trial Date:     Apr. 5, 2016 |

> All future discovery filings shall include the following language on the cover page:
> "[Referred to Magistrate Judge Suzanne H. Segal]"

1. **PURPOSE AND LIMITS OF THIS ORDER**

    Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from

use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions. Designation under this Order is allowed if it is necessary to protect confidential or commercially sensitive technical, sales, marketing, personal, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations.** Designation under this Order requires the designator to affix the applicable legend "CONFIDENTIAL" to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. The designator shall have up to 21 days from the deposition or proceeding to make its designation.

**2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as CONFIDENTIAL. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the

expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3 Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

3. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

4. **ACCESS TO DESIGNATED MATERIAL**

**4.1 Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2 Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    **4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

    **4.2.2** The officers, directors, and employees of the receiving party where the receiving party is an entity, or the individual who is the receiving party, to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    **4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

  **4.2.4** The Court and its personnel;

  **4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

  **4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

  **4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

  **4.2.8** Nothing herein shall preclude a party from using or disclosing information and/or documents which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the party or nonparty witness which is the source of said information and/or document or which is, or at any time hereafter becomes, available to the public or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any other person, firm or company having no obligation to or relationship with the source of said information.

**5.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

  **5.1** **Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2** **Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

**5.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**5.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3** **Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.     UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

**6.1** If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures and all of the pertinent facts surrounding the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

Compliance with the foregoing shall not prevent the designator from seeking further relief from the Court.

**6.2** The receiving party shall maintain material designated as CONFIDENTIAL in a secure and safe place, and shall exercise at least the same degree of care in handling such material as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than reasonable care. If a party fails to abide by the terms of this Order, the party will be subject to liability for such failure, with the Court to determine any appropriate remedy or remedies. The party shall be subject to the jurisdiction of this Court to any proceeding to enforce this Order. Each recipient of any material designated CONFIDENTIAL produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Order.

**7.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Any party who produces material or information without intending to waive a claim of privilege or other protection does not waive that claim if within ten (10) days after the producing party actually discovers that privileged material or information has been produced, the producing party identifies the material or information produced and states the privilege asserted. If the privilege is thus asserted, the receiving party must promptly return the specified material or information and any copies. Nothing in this provision shall restrict a party from challenging, in any way, the propriety of the privilege claim after the material or information has been returned to the producing party.

## 8. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1.

When any designated material is filed with the Court, the material shall be maintained under seal with the United States District Court for the Central District of California, pursuant to this Order, after the parties comply with the procedures set forth in Local Rule 79-5 for the filing of records under seal, or as otherwise ordered by the Court. All such Confidential Information will be filed in a sealed envelope that contains an indication of the general nature of the contents of the envelope, and has endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

> THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE 'CONFIDENTIAL" AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT AND ITS STAFF.

If a party receiving material designated CONFIDENTIAL requests to file the material under seal pursuant to L.R. 79-5.1 but the Court denies the request, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial (or within two days if the receiving party seeks to file the material in connection with an ex parte motion), or (2) as otherwise instructed by the Court.

## 9. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

DATED: 8/14/15

The Hon. Margaret A. Nagle
United States Magistrate Judge

SUZANNE H. SEGAL

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Ronald Kaplan v. International Data Group, Inc., et al.* (Cause No. 2:15-cv-00406-DSF-MAN). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____ .

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]